Irving L. Levey, J.
The petitioner, the Superintendent of Insurance of the State of New York, makes an application, by order to show cause, pursuant to clause (j) of section 511 and section 513 of the New York Insurance Law, for a direction to take possession of and to liquidate the assets of the United Construction Workers, United Mine Workers of America— S. H. Pomeroy Company Welfare Fund. A temporary injunction has been granted enjoining the respondent from transacting any business or disposing of its assets, pursuant to section 528 of the Insurance Law.
*937 The respondent challenges the petitioner’s alleged authority contending that Congress has pre-empted the field of legislation in regard to employee welfare funds and maintaining that article XVI of the Insurance Law of New York is in direct conflict with section 302 of the Taft-Hartley Law (U. S. Code, tit. 29, § 186).
However, since regulation of insurance is under State control by virtue of its inherent police powers and since it is evident that Congress did not intend Federal jurisdiction to be exclusive as to administration of employee welfare funds, State control may be exercised as provided by local legislation. Furthermore, Congress has not clearly manifested any intention to displace local laws. (California v. Zook, 336 U. S. 725, 733; DeVeau v. Braisted, 5 N Y 2d 236, 241, affd. 363 U. S. 144; Auto Workers v. Wisconsin Bd., 336 U. S. 245, 253; California v. Thompson, 313 U. S. 109,115; Mendola v. Dineen, 185 Misc. 540, 548.)
In fact, Congress had declared, in subsection (a) of section 309 of title 29 of the United States Code, entitled Effect of Other Laws — State Laws: “ Nothing contained in this subsection shall be contrued to prevent any State from obtaining such additional information relating to any such plan as it may desire, or from otherwise regulating such plan ”, and also in subsection (b) of section 309 entitled Present or future Federal or State Laws: “ The provisions of this chapter, except subsection (a) of this section, and any action taken thereunder, shall not be held to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of the United States or of any State affecting the operation or administration of employee welfare or pension benefit plans, or in any manner to authorize the operation or administration of any such plan contrary to any such law.” (See Cox v. Superior Court of San Bernardino County, 52 Cal. 2d 855.) Accordingly, petitioner’s motion is granted in all respects.